**Arthur ADELBERG, Plaintiff,**

v.

**Joseph LABUSZEWSKI, Carol Kaplan, George Rosenwinkel, Jack Richardson, Alan Kloskowski, Charles Hehr and John Brown, Defendants.**

No. 72 C 2437.

United States District Court, N. D. Illinois, E. D.

March 2, 1978.

Wayne B. Giampietro, Chicago, Ill., for plaintiff.

Perry L. Fuller and A. Jeffrey Seidman, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 by a former school superintendent who alleges that defendant school board members forced him to resign his position without a termination hearing or charges. The actions which form the basis of the complaint took place in 1969, and now before this Court is defendants' motion to dismiss. The basic facts of this dispute are set out in Judge Tone's Memorandum of Decision dated December 10, 1973. Inasmuch as the facts are not essential to our ruling, we will not repeat them here. For the reasons herein discussed, we deny the defendants' motion.

I.

## DEFENDANTS' MOTION TO DISMISS

Defendants base their motion to dismiss on *Wood v. Strickland,* 420 U.S. 308, 95

S.Ct. 992, 43 L.Ed.2d 214 (1975), asserting they are entitled as a matter of law to the defense of official immunity. The question before us is whether defendants have satisfied the requirements for a showing of good faith under *Wood* so as to entitle them to assert the immunity defense.

The motion currently before us is not the first by defendants which has raised the *Wood* issue. In denying their earlier motion for summary judgment, in our Memorandum Opinion of December 10, 1976, we addressed the issue squarely. Applying the Seventh Circuit's reading of *Wood* in *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569 (7th Cir. 1976), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976),[1] we stated two tests for immunity from individual liability for school board members:

> " . . . [T]here are two separate tests, each of which must be applied by this Court to determine whether or not the actions of defendants fall within the protection of official immunity. The first test asks whether defendants acted with the malicious intention to cause a deprivation of plaintiff's rights; and the second test asks whether defendants, even if they acted without malice, knew or should have known that their actions violated plaintiff's constitutional rights." *Adelberg v. Labuszewski*, 72 C 2437 (N.D. Ill.), Memorandum Opinion, December 10, 1976, p. 4.

Applying this two level standard we determined that the defense of immunity had not been established on the record before us at that time:

> "Turning to the first test, in the instant case we are faced with allegations and undisputed facts which suggest that plaintiff may be able to establish the necessary malice and that the standard set by this test could be met. Other facts which are in dispute could constitute fur-

ther evidence of malice. That a jury could not reasonably find that defendant board members acted with malicious intention to coerce plaintiff into giving up his due process rights is certainly not clear at the present time.

\* \* \* \* \* \*

> "Defendants make much of the fact that the *Hostrop* Court found the board members there protected in their individual capacity by official immunity. Defendants fail to note, however, that the *Hostrop* Court was only faced with the question of liability under the second test.

> . . . .

> " . . . [O]nly the second test (the reasonable knowledge test) was relevant [in *Hostrop*]. That test depends upon the knowledge of the defendants and upon the state of the law *at the time* of the alleged violation. . . . If, however, the jury should determine that defendants acted without malice, the question of whether they knew or should have known that they were violating plaintiff's constitutional rights would then become relevant. . . . " Memorandum Opinion at pp. 4–6.

In requesting, in effect, that we reconsider our decision regarding the applicability of the immunity defense, defendants do not direct us to any additional information probative of the malice question. Rather, they request that we reconsider our assessment of the law and hold that the requirements for immunity stated in *Wood* were misstated by the court of appeals in *Hostrop*. They would have us interpret *Wood* as holding that the immunity defense is defeated only where defendants knew or should have known that their conduct would violate plaintiff's constitutional rights, so that, where it cannot be shown that defendants knew or should have known their conduct would violate plaintiff's constitutional

---

1. In *Hostrop,* the court stated the tests in the following way:

> "First, he must be acting, not 'with the malicious intention to cause a deprivation of constitutional rights or other injury to the [plaintiff],' but 'sincerely and with a belief that he is doing right.' Second, if he meets the first test, he is liable only 'if he knew or reasonably should have known' that his act 'would violate the constitutional rights' of the plaintiff." 523 F.2d at 577.

rights, an immunity defense must be sustained even though defendants may be shown to have acted with malice toward plaintiff. Apparently, the rationale underlying this argument is that malice is relevant only when it is directed at deprivation of a known constitutional right and that the requisite malice cannot exist where defendants did not know or were not chargeable with knowledge that their conduct would violate constitutional rights of plaintiff. Defendants go on to argue that, at the time of the conduct complained of, the state of the law was such that defendants could not know nor were chargeable with knowledge that their conduct would violate plaintiff's constitutional rights.

We find defendants' interpretation of *Wood* unpersuasive for several reasons. First, it is logically inconsistent with the language of the majority opinion in *Wood*. The Supreme Court stated its test in the following way:

> "Therefore, in the specific context of school discipline, we hold that a school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or *other injury to the student*." 420 U.S. 322, 95 S.Ct. 1001 (emphasis added).

Defendants' interpretation of *Wood* renders the second stated test, concerning malice, mere surplusage. Official immunity, in their view, should always be available where no knowledge or responsibility to know can be shown. Conversely, where it can be shown that knowledge or responsibility to know exists, no immunity defense may be asserted. The knowledge test, under defendants' view, is in all cases dispositive of the immunity issue regardless of the existence of malice or the lack thereof. We

cannot accept, as defendants' seem to, that the Supreme Court intended that there should be no set of circumstances under which the malice test it stated would be relevant to determination of the immunity issue. We will not join with defendants in reading the malice test out of the *Wood* opinion.

Additionally, we do not find defendants' rationale for their interpretation of *Wood* appealing. Malice is directed at people and not rights, constitutional or otherwise. It is fallacious to define the "malicious intention to cause a deprivation of constitutional rights" required by the Court in *Wood* to mean that malice must be somehow directed at the constitutional rights deprived so that lack of knowledge thereof would make the existence of such malice impossible. Rather, it is more reasonable to interpret the Supreme Court's opinion in *Wood* to require a showing of malicious intention to do injury which deprives an individual of a constitutionally protected right regardless of the state of knowledge of the defendants vis-a-vis the existence of that right.[2] It is the intention to inflict the injury, not the knowledge that the injury is redressable under the constitution, which constitutes bad faith sufficient to defeat immunity. This view would sever the malice test from the knowledge test by making it possible, even absent knowledge, to defeat the immunity by showing malice. This makes good sense. If a person acts maliciously toward another and in so doing deprives the latter of a constitutionally protected right, he should be responsible therefore whether or not he knew or should have known that his conduct would result in such a deprivation. This result is consistent with the language of *Wood* which seems clearly to pose the malice test as an alternative independent of the knowledge test.

We find, in short, that the Seventh Circuit's interpretation in *Hostrop* of the requirements posed by *Wood* for determining

---

**2.** It should be noted here that the conduct is made *no less unconstitutional by the fact that* such conduct had not been unambiguously declared to be in violation of constitutional rights until after it took place. If this were not the case, a plaintiff could not recover for such deprivations regardless of good or bad faith on the part of the officials involved.

the existence of an immunity defense is correct. Since no new information bearing on the issue of malice has been brought to our attention by defendants in support of their motion to dismiss, we stand by our conclusions of December 10, 1976 and deny defendants' motion to dismiss.

An appropriate order will enter.